GENARO LAFREDO, Appellant, v. BALTIC AMERICAN LINE, INC., and Another, Respondents; WILH WILHELMSEN, Respondent, Appellant.— It is unnecessary to review again the somewhat unusual procedure by which this appeal has reached this court. The question was settled on an earlier appeal (241 App. Div. 819). The action, once severed, may be restored to its original status as a matter of judicial discretion. After a trial in which the jury disagreed, the complaint was dismissed by the trial justice, on reserved motions, as to defendants Wilh Wilhelmsen and Baltic American Line, Inc. From the judgment subsequently entered thereon, this appeal is taken. We content ourselves with saying that plaintiff made a *prima facie* case of negligence against both defendants, who were occupying the pier or dock in question and in a large measure in control of the premises where the accident to plaintiff occurred. As to the defendant, Baltic American Line, Inc., there is nothing to indicate how often, how long and how exclusively it occupied the premises and the measure of its duty in providing a safe place to work for the stevedores loading or unloading its ships, for it offered no evidence on the trial. On the new trial it will have opportunity to offer such proof. The judgment dismissing the complaint is reversed on the law and a new trial granted, with costs to plaintiff to abide the event. The appeal of the defendant Wilh Wilhelmsen is dismissed. A prior appeal from the order dismissing its cross-complaint against

the codefendants was dismissed long ago (234 App. Div. 768). It is in no position to press this new appeal. Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ., concur.